Nicholas GARCIA, Jr., Petitioner-Appellee,

v.

Dr. George J. BETO, Respondent-Appellant.

No. 71-1383

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1971.

Rehearing Denied Jan. 18, 1972.

Crawford C. Martin, Atty. Gen. of Texas, Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Florentino Ramirez, Jr., Ramirez & Canales, Adolph P. Canales, Dallas, Tex., for petitioner-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

RONEY, Circuit Judge:

We reverse the district court's issuance of a writ of habeas corpus based upon the petitioner's being tried in prison coveralls because it appears from the record that he waived his right to be tried in civilian clothes rather than jail clothes. This court has stated that it is inherently unfair to try a defendant in prison garb,[1] but that each case must be considered in its own factual context to determine whether the conviction from such a trial must be set aside.[2]

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F. 2d 409, Part I.

1. This court said in Brooks v. Texas, 381 F.2d 619 (5th Cir. 1967):
"It is inherently unfair to try a defendant for crime while garbed in his jail uniform, especially when his civilian clothing is at hand. No insinuations, indications or implications suggesting guilt should be displayed before the jury, other than admissible evidence and permissible argument."
*Id.* at p. 624.

2. Hernandez v. Beto, 443 F.2d 634 (5th Cir. 1971), cert. den., 404 U.S. 897, 92 S.Ct. 201, 30 L.Ed.2d 174 (1971). On rehearing, the court said:

"Appellee's petition for rehearing states, 'Surely some burden must be put on the defendant and his attorney to make known that he desires to be tried in civilian clothes before the state can be held accountable for his being tried in jail clothes.' We agree, and our opinion is not to the contrary. A defendant may not remain silent and willingly go to trial in prison garb and thereafter claim error.

Garcia was caught driving a new automobile which had been taken from the fenced-in yard of a Dallas Ford dealer. Indicted for theft of the car, the defendant's only defense was to attempt to negate the specific intent required for a felonious taking. In the absence of intent he could have been convicted of driving an auto without the owner's consent, but this could not be used for enhancement of a prior burglary conviction. So intent was important to the state's case for enhancement and critical to the defense.

Garcia testified that he had been drinking heavily and did not remember how he came into possession of the car. Defense counsel sought to persuade the jury that the defendant could not have had the specific intent to steal because he was drunk. Counsel thought that being tried in prison clothes strengthened his case on this point. At a hearing on the state habeas corpus petition, the transcript of which was before the district court, Garcia's trial attorney testified as follows:

"Q  Okay. Now, what was your reason—did you have any strategy in allowing him to wear [jail clothes] during the trial?

A  [Petitioner's Trial Attorney]. I did not request that he be tried in the jail coveralls, however I did not object to it because my approach to this case was that we had a fellow here who was a nice fellow except that he had a drinking problem and he wasn't like the members of the jury and I didn't want him put on the same plane as the members of the jury. I wanted them to look at him differently and consequently the fact that he was dressed in jail coveralls rather than very neatly dressed in an expensive suit, I thought this might make me get the idea across to the jury.

\*      \*      \*      \*      \*

"We do not paint with a broad brush these types of cases. Each case must be considered in its own factual context." *Id.* at p. 637.

Q  Okay. This was your trial strategy as far—

A  Yes, sir, partly."

 This case then differs from Hernandez v. Beto, *supra*, where counsel admittedly gave no thought to such tactics at the time of trial but did not object to the trial in prison garb because from past experience he thought such a motion would be treated as frivolous. Accordingly, the order of the district court is reversed with direction to discharge the writ and dismiss the petition.[3]

Reversed.

---

3.  The district court found that there was not sufficient evidence to support the suggestion of ineffective assistance of counsel. This finding is not clearly erroneous.