**Carl Wayne BARBER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44718.**

Court of Criminal Appeals of Texas.

March 22, 1972.

Kenneth Pounds, Hurst (Court appointed on appeal), for appellant.

Frank Coffey, Dist. Atty., T. J. Haire, Michael R. Thomas and John Garrett Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction of robbery by assault with a firearm. After the verdict of guilty, the State not having sought the death penalty, the court assessed the punishment at 50 years.[1]

Appellant's sole contention is that he was tried in jail clothes which infringed a fundamental right—the presumption of innocence. Reliance is had upon Hernandez v. Beto, 443 F.2d 634 (5th Cir. 1971) and Ephraim v. State, 471 S.W.2d 798 (Tex. Cr.App.1971).

The record reflects that the appellant was present during the voir dire examination of the jury panel at which time the court explained among other things the burden of proof in a criminal case, the presumption of innocence, etc.

After the completion of the voir dire interrogation and the selection of the jury, the appellant was arraigned by the court in the absence of the jury. At the conclusion thereof, the record reflects the following:

"The Court: All right. You are excused. You have clothes to dress out, don't you?

"The Defendant: Yes, sir.

"The Court: Bring him back dressed this afternoon.

"(Recess)"

It is appellant's contention that the foregoing reflects that during the voir dire examination he appeared before the jury panel in jail clothes. We do not understand appellant to claim that he appeared before the jury at any other time in jail garb. And no testimony was offered at the hearing on the motion for new trial or at any other time to clarify the above-mentioned portion of the record.

Prior to the decision in Hernandez v. Beto, supra, this court had occasion to say ". . . that every effort should be made to avoid trying an accused while in jail garb." Ring v. State, 450 S.W.2d 85, at 88 (Tex.Cr.App.1970). See Clark v. State, 398 S.W.2d 763 (Tex.Cr.App.1966), cert. den. 385 U.S. 1011, 87 S.Ct. 722, 17 L.Ed.2d 549; Brooks v. State, 381 F.2d 619 (5th Cir. 1967).

Nevertheless, in the absence of a showing of injury or prejudice to the accused, the court held that no reversible error was presented. Xanthull v. State, 403 S.W.2d 807 (Tex.Cr.App.1966); Wilkinson v. State, 423 S.W.2d 311 (Tex.Cr.App.1968); Garcia v. State, 429 S.W.2d 468 (Tex.Cr. App.1968); Ring v. State, supra. In most of these cases there was only a meager reference to "white coveralls" or "coveralls" without proof that the same was jail clothing, no showing that other clothing was available and no objection made at the time of the trial.

And in Xanthull v. Beto, 307 F.Supp. 903 (S.D.Tex.1970), the federal district court found that trial in jail clothing was not inherently prejudicial.

This case was, however, overruled in Hernandez v. Beto, supra, where, although the defendant made no objection to being tried in jail clothing, the court stated: "We conclude that trying Hernandez in his prison clothing infringed a fundamental right—the presumption of innocence." 443 F.2d at 636–637.

---

1. Appellant's other convictions for robbery were affirmed on appeal. 471 S.W.2d 814 (Tex. Cr.App.1971).

On petition for rehearing, the court in a per curiam opinion somewhat explicated or qualified its earlier opinion when it wrote:

> "Appellee's petition for rehearing states, 'Surely some burden must be put on the defendant and his attorney to make known that he desires to be tried in civilian clothes before the state can be held accountable for his being tried in jail clothes.' We agree, and our opinion is not to the contrary. A defendant may not remain silent and willingly go to trial in prison garb and thereafter claim error."

In Ephraim v. State, supra, where there was an objection, this court reversed where the defendant was tried in his jail garb.

Recognizing some of the problems inherent in the question, the Court of Appeals for the Fifth Circuit in Garcia v. Beto, 452 F.2d 655 (5th Cir. 1972), has now noted that as a matter of strategy an appellant often wants to be tried in jail clothing and that it is common for a defense counsel to prove before the jury how long the accused has been confined in jail.

And only recently this court in Williams v. State, 477 S.W.2d 24 (Feb. 9, 1972), stated: "Absent an objection, it is presumed that he was willing to go to trial in jail clothing."

In the instant case there is nothing to show that the appellant was in fact in a jail uniform during the voir dire examination.

In Ellis v. State, 468 S.W.2d 406 (Tex. Cr.App.1971), the only reference in the record to support the defendant's claim was the statement that he was "the man over here in the white suit." The court held that such testimony was not sufficient to show that the defendant was actually dressed in jail clothes.

We have even less in the instant case.

Further, even if the appellant was in a jail uniform, there was no objection from him or his counsel.

No error is presented.

The judgment is affirmed.