**Maynard Quain SIMMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44549.**

Court of Criminal Appeals of Texas.

June 7, 1972.

---

1. Denny & Forfar v. State, supra, was reversed on other grounds.

Cutler & Epps by Ray Epps, Houston (Court appointed), for appellant.

Carol S. Vance, Dist. Atty. and James C. Brough and William W. Burge, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for robbery by assault where the punishment was assessed at fifteen years.

When this appeal was first submitted to this Court, the court-appointed counsel on appeal determined that the appeal was wholly without merit and filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 and Gainous v. State, 436 S.W.2d 137 (Tex.Cr. App.1969), but the record failed to reflect that a copy of the brief was served upon the appellant. As a result, the appeal was abated, 475 S.W.2d 787.

Subsequent to the abatement of the appeal, the trial judge had the appellant brought into open court where the brief, as well as a supplemental brief, were served upon the appellant. The trial judge then offered the appellant at least thirty days in which to file a pro se brief or to bring additional matters to the attention of this Court. To this offer, the appellant personally stated, "No, I don't want the time." In addition to the transcription of the court reporter's notes, the service of a copy of the briefs is supported by a written certification of the trial judge found in the record, as well as a docket sheet entry. No pro se brief has been filed.

After a careful examination of this 330 page record, we are of the conclusion that the appeal is frivolous and wholly without merit. We do note that in the supplemental brief, as well as in oral argument before this Court, appointed counsel seeks to raise the question that the appellant was tried in jail clothes. He cites and relies upon Hernandez v. Beto, 443 F.2d 634 (5th Cir. 1971) and calls attention to a recent decision by the United States District Court, Southern District of Texas, Houston Division, in Smith v. Beto, civil action No. 71–14–830 (May 24, 1972), in which the Hernandez decision was held to have retroactive application.

Only recently in Barber v. State, 477 S. W.2d 868 (Tex.Cr.App.1972), this Court had occasion to discuss the pre and post Hernandez cases of this Court dealing with the trial of an accused in jail clothes. There it was noted that in Ellis v. State, 468 S.W.2d 406 (Tex.Cr.App.1971), the only reference in the record to support the defendant's claim was the statement he was "the man over there in the white suit." It was there held that such was not sufficient to show the defendant was actually dressed in jail clothes. In Williams v. State, 477 S.W.2d 24 (Tex.Cr.App.1972), this court stated, "Absent an objection, it is presumed that he was willing to go to trial in jail clothing." Williams, like Garcia v. Beto, 452 F.2d 655 (5th Cir. 1972), observed that an accused often as a matter of strategy, wants to be tried in jail clothes.

In the instant case, the record contains no reference to the fact that the appellant was tried in jail clothes, and we find no objection was offered, if in fact he was.

Thus, there is no merit to the claim sought to be advanced in the supplemental brief. Barber v. State, supra.

The judgment is affirmed.