**Richard WICKWARE, Appellant,**

v.

**The STATE of Texas, Appellee (two cases).**

**Nos. 45897, 45898.**

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

Rehearing Denied Dec. 6, 1972.

---

**802**

Jack H. Harper, Tyler, for appellant.

Curtis L. Owen, Dist. Atty., Pete Menefee, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

These appeals stem from orders revoking probation in Cause Nos. 18,275 and 18,282 in the 114th District Court.

On November 21, 1969, the appellant waived trial by jury in such causes and entered pleas of guilty before the court to statutory rape in Cause No. 18,275 and to burglary with intent to commit theft in Cause No. 18,282. The punishment was assessed at 10 years in each case, but the imposition of sentence was suspended and the appellant placed on probation in both cases subject to certain probationary conditions. Among such conditions were the requirements that appellant

"(a) Commit no offense against the laws of this State or any other State or the United States;

. . .

and

"(h) . . . Pay $10.00 per month supervision fee to District Clerk between 1st and 10th of each month beginning Jan. 1, 1970."

On May 28, 1970, a revocation motion in each case was filed alleging the appellant had committed an offense of statutory rape. The motions were subsequently dismissed on the ground that the appellant had been tried and acquitted of such offense.

On October 19, 1971, revocation motions were filed alleging burglary of the house of Marva Mills on or about July 15, 1971. On November 12, 1971, amended revocation motions were filed alleging the same burglary and the failure to pay the supervisory fee for April, May, June, July, August, September and October, 1971.

On February 17, 1972, the court conducted a hearing on the last motions filed at the conclusion of which the court revoked the probations on the grounds alleged, and imposed sentences in each case.

■ Appellant complains of the denial of his motion for a jury trial. It has been consistently held that the provisions of Article 42.12 § 8, Vernon's Ann.C.C.P., preclude a jury trial at a revocation hearing. See also Hulsey v. State, 447 S.W.2d 165 (Tex.Cr.App.1969); Munoz v. State, 485 S.W.2d 782. Duncan v. Louisiana, 391 U. S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), does not call for a different result. Hood v. State, 458 S.W.2d 662 (Tex.Cr. App.1970) (concurring opinion).

■ Appellant also complains of the trial court's action in denying his motion for continuance on October 29, 1971 in order to employ counsel of his own choosing. The 19-year old appellant was represented by court appointed counsel at the time of his original guilty pleas, was in jail at the time of the revocation hearing and represented by appointed counsel, and is a pauper for the purpose of these appeals. We find no abuse of the court's discretion in refusing to delay the hearing for the purpose requested. Further, we find no written sworn motions for continuance in the record before us. See Articles 29.03 and 29.08, Vernon's Ann.C.C.P.

Still further, the court did grant a "motion for continuance" on October 29, 1971 as the result of the absence of a witness, and the hearing was not held until February 17, 1972 when his appointed counsel announced "ready." This was ample time for appellant to have procured counsel of his own choice if he was able to do so financially.

■ Appellant next contends he was denied a statement of facts concerning the motions for continuance and motions for a jury trial. While, undoubtedly, it would have been better practice to have included such statements of fact, the fact of such motions and the rulings thereon were established by formal bills of exception, and, in light of our disposition of appellant's earlier contentions, we find no basis for reversal of these causes on these grounds.

■ Appellant urges that the court erred in admitting his extra judicial confession concerning the alleged burglary in that the State did not show that the requirements of Miranda v. Arizona, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were met and that he knowingly and intelligently waived his privilege against self-incrimination and his right to counsel.

The State's evidence reflects the 19-year old appellant (who left school in the ninth grade), went to the Tyler City Police at 9 a. m. on September 13, 1971 at the request of the police. He was questioned for about 30 minutes about another burglary. He was then taken before a Justice of the Peace, who warned him of his rights, and set bail at $5,000. He was then placed in jail. At his request, the following day he was taken to the police station to talk to Detective Welch. He was warned of his rights and indicated to the officer that he desired to give a statement and did not want a lawyer. He was then required to read the warning printed at the top of a confession form which contained warnings in compliance with Miranda and Article 38.22, supra.

Thereafter in his own handwriting, the appellant wrote out his confession and signed it.

Appellant testified that after his arrest he was placed in what he described on various occasions as a "side cell", "solitary confinement", and "the hole";[1] that the next day he was taken to the police station and told that if he didn't talk "something bad" would happen to him, and that Detective Golden told him that if he confessed that Golden would see that he wouldn't get any more than 2 years. He acknowledged that he was warned of his rights and that he gave a confession. Although he claims threats were made to him, at another point, he denied any threats were made, or that he was hit or struck. Further, he related he knew Golden couldn't promise to get him just 2 years and that "it was a game all the time," and "that's a sack they all run on people." Further, the following cross examination is enlightening:

"Q. This is not the first time you have been in custody, is it?

A. No, sir.

Q. You were on probation for two offenses at this time, were you not?

A. Yes, sir.

Q. In one or both of those cases you gave a confession in those cases, didn't you?

A. Yes, sir.

Q. They warned you of your rights at that time, didn't they?

A. Yes, sir.

Q. You know what your rights are, don't you? You have been warned of them several times? Sir?

A. Yes, sir.

Q. So you weren't just a 19 year old boy that never had been before a Detective before, on this occasion, were you?

A. No, sir."

The court made findings of fact and conclusions of law before admitting the confession and the evidence supports such findings.

Appellant also advances the claim that the revocation hearing was conducted while he was clothed in his white jail uniform. In support of such claim, he calls attention to the probation officer's in-court identification of him as the "man in the white coveralls."

■ First, it should be observed that the revocation hearing was conducted before the judge alone who had ordered appellant's arrest and his detention in jail until the hearing. There was no jury.

And, in Ellis v. State, 468 S.W.2d 406 (Tex.Cr.App.1971), this court held that where the only reference in the record to support the defendant's claim was a statement that he was " 'the man over here in the white suit,' " such was insufficient to show he was tried in jail clothes. See also Barber v. State, 477 S.W.2d 868 (Tex.Cr. App.1972). And, in United States v. Fideler, 457 F.2d 921 (5th Cir. 1972), the court held that prison garb within the Hernandez v. Beto, 443 F.2d 634 (5th Cir. 1971), rule means "an identifiable prison uniform, not civilian clothes belonging to the accused that he happened to be wearing in prison."

We think these cases are dispositive of appellant's claim.

■ Further, we note that at no time did the appellant object to being tried in "jail clothes." Williams v. State, 477 S. W.2d 24 (Tex.Cr.App.1972), held that "[a]bsent an objection, it is presumed that he was willing to go to trial in jail clothing." While trial strategy is frequently involved in the decision to permit a defendant to remain in jail clothing during a jury

---

1. The State's brief once refers to the confinement as being in a private cell.

trial, it would not play such a prominent part in any strategy utilized in a revocation hearing before the court. Nevertheless, it is incumbent upon the probationer to object. He may not remain silent and then claim error for the first time on appeal.

Lastly, appellant contends the court abused its discretion in revoking on the basis of his failure to make supervisory fee payments since there was no showing that his failure was willful and intentional. See Hardison v. State, 450 S.W.2d 638 (Tex.Cr.App.1970). *Cf.* Hall v. State, 452 S.W.2d 490 (Tex.Cr.App.1970).

We express grave doubts that the evidence offered was sufficient, but we need not pass on that question. The evidence reflecting that the appellant committed the burglary alleged was sufficient, standing alone, to justify the revocation of probation.

The judgments are affirmed.

ROBERTS, J., concurs in the result.