**UNITED STATES of America**
v.
**Ralph LEMONS, Appellant.**
No. 72–1398.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Nov. 3, 1972.

Decided Nov. 24, 1972.

Henry A. Wise, Jr., Wilmington, Del., for appellant.

Richard D. Levin, Asst. U. S. Atty., Wilmington, Del., for appellee.

Before ADAMS and MAX ROSENN, Circuit Judges, and GREEN, District Judge.

## OPINION OF THE COURT

PER CURIAM:

Ralph Lemons appeals from his judgment of conviction and sentence for selling heroin in violation of 26 U.S.C. § 4705(a) and § 7237(b) (repealed, effective May 1971). He was tried to a jury in the District Court for the District of Delaware, convicted, and sentenced to the custody of the Attorney General for a period of ten years. On appeal, appellant raises two issues: first, that the evidence showed as a matter of law that he was entrapped and, second, that his constitutional right to a speedy trial was violated. We find no merit in either contention and thus affirm.

Mabel Pegram testified at the trial that she had known appellant since 1967. She had met him while he was delivering drugs to her home in Wilmington. Appellant asked her to "find buyers for large amounts of drugs, like marijuana and heroin." In so doing, she met Wilder, a narcotics agent, and, because appellant wanted to sell narcotics and Wilder wanted to buy, she introduced them on May 8, 1970, in her apartment. Wilder testified that at this meeting he told Lemons he was planning to distribute narcotics in the Philadelphia area and he was interested in purchasing heroin and cocaine. Pegram and Wilder testified that the two men then negotiated price and weight of the drugs to be purchased. According to Wilder, appellant told him that he would contact him as soon as he made arrangements to pick up the narcotics.

On July 22, 1970, Wilder received a phone call from appellant asking him to come to Wilmington. When he arrived at Pegram's apartment, appellant told him that it was a dry run. Wilder rebuked him for "playing games" and not having the narcotics. On July 24, Wilder returned a phone call to appellant's home, and a female voice told him to meet appellant at Pegram's because "Ralph" had the package and wanted to get rid of it as soon as possible. Wilder, Pegram, and appellant then met at Pegram's apartment. Wilder testified that he agreed to pay appellant's stated price, retrieved the package of heroin from the dining room table, and made the payment.

On May 26, 1971, appellant was indicted on the current charge. He was at that time incarcerated in Atlanta, Georgia, for an unrelated narcotics offense. He entered a plea of not guilty on August 20,

1971. Trial was held on December 21, 1971, and, on March 28, 1972, appellant was sentenced.

■■ Appellant's contention that he was entrapped has no merit. An illegal entrapment, as a matter of law, is not made out when the evidence is "sufficient to establish that the defendant was ready, willing and able to commit the crime and was not corrupted by any overreaching activity of the agents." United States v. Crippen, 459 F.2d 1387, 1389 (3d Cir. 1972). The record discloses that Agent Wilder did not appeal to Lemons to engage in the sale of drugs. On the contrary, appellant Lemons solicited Pegram to secure drug customers for him. He was ready and willing to sell, and she obligingly produced the customer. The agent did not induce the commission of crime, and, thus, no entrapment was proved. He merely afforded Lemons an opportunity to continue a course of criminal conduct upon which he had previously embarked. *See* Lopez v. United States, 373 U.S. 427, 436, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963); *compare* United States v. Russell, 459 F.2d 671 (9th Cir. 1972), cert. granted, 409 U.S. 911, 93 S.Ct. 226, 34 L.Ed.2d 172 (1972).

■ Nor is there any merit to appellant's complaint that his constitutional right to a speedy trial was violated by the delay between the date of the offense, July 24, 1970, and his indictment on May 26, 1971.

[T]he Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an 'accused,' an event that occurred in this case only when the [defendant was] indicted. . . .

United States v. Marion, 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1972).

Before any arrest by the United States, appellant was apprehended on July 31, 1970—one week after the offense charged in this case—in Atlanta, Georgia, on a narcotics charge. He was sentenced in Georgia on November 17, 1970. In the meantime, Agent Wilder was engaged in undercover work until about January 1971. There was no evidence that the delay was intended to give tactical advantage. Nor was it prejudicial[1] since the appellant was already incarcerated and the witnesses were available at trial. Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed. 26 (1970), relied on by appellant, is inapposite for a number of reasons, including that the delay was seven years between the defendant's apprehension and trial.

The judgment of the district court will be affirmed.

---

1. Appellant argues that Pegram could not remember the details of the conversation between appellant and the agent at the first meeting, but he does not indicate how this prejudiced his defense. More-over, on cross-examination, Pegram testified that she could not remember the details because she did not take part in the conversation.