**L. B. PATTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45687.**

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Thomas M. Roberson, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and Don Lambright, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

### OPINION

ONION, Presiding Judge.

This appeal arises out of a murder conviction where the punishment was assessed at 25 years.

The sufficiency of the evidence is not challenged and we do not deem a recitation of the facts necessary to the proper disposition of this appeal.

Initially, the appellant complains the trial court erred in allowing him to appear and be tried in jail clothing. Our attention is directed only to an allegation in a handwritten pro-se motion in arrest of judgment. The allegations in such motion are not self-proving and we have found nothing in the record to support the claim.

---

Even if the appellant was tried in identifiable jail clothing, we find no objection in the record. In Garcia v. Beto, 452 F.2d 655 (5th Cir. 1972), the court recognized the holding in Hernandez v. Beto, 443 F.2d 634 (5th Cir. 1971), but also recognized that, as a matter of trial strategy, an appellant often wants to be tried in jail clothing and that it is common for defense counsel to prove before the jury how long the accused has been confined in jail. Recognizing the trial strategy angle, this court held in Williams v. State, 477 S.W.2d 24 (Tex.Cr.App.1972), that "[a]bsent an objection, it is presumed that he was willing to go to trial in jail clothing."

We find no merit in appellant's first ground of error. See Barber v. State, 477 S.W.2d 868 (Tex.Cr.App.1972); Simmons v. State, 480 S.W.2d 633 (Tex.Cr.App. 1972). Cf. Ex parte Slaton, 484 S.W.2d 102 (Tex.Cr.App.1972), and cases there cited.

The appellant was represented by appointed counsel at his trial. Different counsel was appointed for the purpose of appeal. Such counsel contends the failure of trial counsel to present adequate testimony to show that appellant acted in self-defense could be construed as a denial of effective assistance of counsel.

This ground of error finds no support in the argument advanced or anywhere in the record. No contention is made that there were available witnesses which trial counsel did not call. In fact, at the hearing on the motion for new trial, appellant testified he had been informed by trial counsel he could subpoena witnesses but that he did not know of any "new witnesses."

The appellant did not testify at the guilt stage of the trial. This may well have been due to the fact that he had been previously convicted of three felonies and wanted to avoid impeachment. He did testify at the hearing on punishment.

Appellant's trial counsel thoroughly cross-examined the eyewitnesses to the offense offered by the State and appears to have acted diligently and in good faith. We find nothing to show that there was available testimony on the issue of self-defense which was not utilized. Appellant's contention is overruled.

The judgment is affirmed.