Ralph LEMONS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 73–1401.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
Rule 12(6) Sept. 24, 1973.

Decided Jan. 2, 1974.

Seitz, Chief Judge, concurred in result with statement and Weis, Circuit Judge, concurred in result with statement.

Ralph Lemons, pro se.

Ralph F. Keil, U. S. Atty., Alan S. Yoffie, Asst. U. S. Atty., Willmington, Del., for appellee.

Before SEITZ, Chief Judge, and HUNTER and WEIS, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

Appellant Ralph Lemons was convicted for selling heroin in violation of 26 U.S.C. § 4705(a) and § 7237(b) (repealed subsequent to his conviction). Lemons thereafter appealed claiming entrapment and denial of his right to a speedy trial, but this court rejected those claims and upheld the conviction. United States v. Lemons, 470 F.2d 135 (3d Cir. 1972). Subsequently Lemons petitioned the district court *pro se* for relief under 28 U.S.C. § 2255 challenging the validity of the conviction under the due process clause of the Fifth Amendment because he was tried while allegedly wearing a prison uniform. The petition was dismissed and Lemons brought this appeal.

In denying Lemons' petition, the district court held that it disagreed with other courts which have found it prejudicial for a defendant to be tried for a crime while dressed in a jail uniform; that it doubted anyone noticed that Lemons was wearing prison clothing; and that, in any event, it "suspected" that Lemons purposely chose to delay bringing his attire to the attention of the court until after the close of the trial.

### I

Subsequent to the district court's dismissal of Lemons' petition, this court held that a defendant's due process right to be presumed innocent until proven guilty is denied by trying him for a crime while dressed in prison clothing,

unless it is found that the defendant willingly went to trial in such clothing and hence waived his right. Gaito v. Brierly, 485 F.2d 86 (3d Cir., filed Sept. 21, 1973). Since the district court proceeded from a contrary belief, we remand for a hearing and findings in light of the principles we enunciated in *Gaito*.

In remanding, we note that the district court should first ascertain whether Lemons wore clothes "reasonable identifiable" as prison clothing.[1] Unlike *Gaito* wherein the defendant's clothes were found not to have any distinctive markings, Lemons has alleged that the words "State Prison" were stenciled on the seat of his trousers[2] and that the jury panel may have seen the stenciling on one occasion when he stood as the judge entered the courtroom. If it is found that the trousers worn by Lemons bear the alleged stenciling[3] and that it was visible to the jurors who were selected to hear the case, we think prejudice will have been shown. Even if the district court should find that the alleged stenciling could not have been visible to the jury panel, it must still determine whether his attire, irrespective of any stenciling, could have been reasonably identified by the jury as prison clothing.

Assuming that the district court finds that at his trial Lemons wore clothing reasonably identifiable as prison clothing, reversal of his conviction would not follow automatically. We recognized in *Gaito* that a defendant may not complain that he has been denied his right to be presumed innocent until proven guilty, if he remained silent and *willingly* went to trial in prison clothing and thereafter claimed error.[4] Each case must be considered in its own

---

1. Gaito v. Brierly, *supra* at 88.

2. He also alleges that the same words were stenciled on the back of his shirt, although the district court concluded that an unmarked denim jacket worn over his shirt concealed the stenciling.

3. Presently before this court is Lemons' motion to subpoena his prison uniform and appellee's motion to quash it. In view of our

disposition of this case, and recognizing that the district court is the appropriate forum in which to introduce evidence, we decline to act on these motions. The parties, however, should be permitted to renew these motions before the district court.

4. Gaito v. Brierly, *supra* at 88 n. 3, citing Hernandez v. Beto, 443 F.2d 634, 637 (5th Cir. 1971) (emphasis added).

factual context, and, as with all rights which emanate from the Constitution, the government bears the burden[5] of showing a voluntary waiver.[6]

■ Lemons has raised the question of his willingness to appear in prison clothing by his allegations that "[t]he civilian clothing, brought to the Delaware correctional center by [his] wife had been refused by the authorities in the person of Captain Martin" and that "he was forced to present himself to the jury while dressed in a Georgia State Prison uniform."[7] On the other hand, the district court "suspected," but without making a finding, that Lemons purposely refrained from informing the court of his attire until after the jury had been excused, presumably relying in part on an affidavit submitted by Lemons' court-appointed attorney in which his attorney stated:

> "The defendant [Lemons] told me that he was wearing prison garb and, in accordance with [Lemons'] request, after the jury had been excused following the return of a guilty verdict, I placed on the record the fact that [Lemons] was wearing prison clothing."

While this may be pertinent to the question of a voluntary waiver, it is not clear at what point in time Lemons told this to his attorney or whether it was Lemons' request that the court be informed of his attire only after the jury had been excused and the verdict rendered.

Finally, if the district court determines that Lemons was denied his due process right to a presumption of innocence by being tried in clothing reasonably identifiable as prison clothing, it must then determine whether this was error harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U. S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); see Thomas v. Beto, 474 F.2d 981 (5th Cir. 1973).

## II

■ After the district court had dismissed his petition, Lemons sought to file an amendment to his original petition, alleging deprivation of his Sixth Amendment right to counsel. On the basis of its disposition of Lemons' original petition and its belief that appearing at trial in prison clothing was not inherently prejudicial, the district court dismissed Lemons' subsequent petition as moot. In view of our decision today this question no longer is moot. In its evidentiary hearing on remand the district court should consider whether Lemons was denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments.

The order of the district court of March 21, 1973 and paragraph 1 of the order of April 24, 1973, will be vacated, and the cause remanded for further proceedings not inconsistent with this opinion.

SEITZ, Chief Judge (concurring).

I would have preferred to decide this case under our supervisory power. However, since this case arises under 28 U.S.C. § 2255, I do not believe we are

---

5. The Supreme Court has always set high standards of proof for the waiver of constitutional rights. See, e. g., Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 1952, 36 L.Ed.2d 752 (1973); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1089 (1938); cf. D. H. Overmyer Co. v. Frick Co., 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972) (civil action).

6. We suggested in *Gaito* that one manner in which a voluntary waiver might be proven is by showing that the defendant deliberately appeared in prison garb as part of a trial strategy. Gaito v. Brierly, *supra* at 88 n. 3, of 485 F.2d. See Garcia v. Beto, 452 F.2d 655 (5th Cir. 1972) (defense counsel's strategy).

7. Traverse to Respondent's Reply at 2 and 4.

free to invoke such power here. I therefore concur in the result reached by the court.

WEIS, Circuit Judge (concurring).

I, too, would have preferred to decide this case under our supervisory power. I concur in the result because I am bound by Gaito v. Brierley, 485 F.2d 86 (3rd Cir. 1973), although I do not agree with that decision.