Affirmed and Memorandum Opinion filed April 12, 2007













Affirmed and Memorandum Opinion filed April 12, 2007.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-06-00106-CR

____________

 

NEAL GRAVES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 





 

On Appeal from the 182nd
District Court

Harris County,
Texas

Trial Court Cause No. 1030831

 





 

M E M O R A N D U M   O P I N I O N

Appellant Neal Graves was found guilty by a jury of
aggravated robbery.  At appellant=s election, and
after he pleaded true to two enhancements, the trial
court assessed punishment at thirty-five years= confinement. 
In his sole issue on appeal, appellant contends the trial court erred by not
providing civilian clothing for him to wear at his trial.  We affirm.

 

Background

Even though appellant does not challenge the legal or
factual sufficiency of the evidence, we briefly summarize the basis for his
conviction.  On June 16, 2005, appellant entered Randolph Office Furniture
in Harris County, Texas, and demanded money from the complainant, Glen Schmidt,
while brandishing a screwdriver.  Appellant wore Adirty@ khaki or tan
pants and a beige or brown knit shirt, and he had a glove on his left
hand.  Appellant took Schmidt into the office of the manager, Shelby Chachere, and again demanded money.  Between them,
Schmidt and Chachere had only $2.70, so to appease
appellant, Chachere offered him a sander that was on
her desk.  After a struggle with Schmidt in which appellant hit Schmidt
with the sander and threatened him with the screwdriver, appellant fled as
other employees were summoned over the store=s intercom. 
A passing police officer was flagged down, and he located and arrested
appellant.  At the time of his arrest, appellant was
wearing one glove and carrying the screwdriver and sander.  

Appellant=s Issue on Appeal

Appellant contends the trial court erred in not providing
civilian clothing for him to wear during his trial, and so his appearance in
jail clothes at trial destroyed his presumption of innocence.  Appellant
also complains that, on the second day of trial, he had no choice but to wear
the clothes in which he was arrested, which unfairly bolstered the State=s witnesses= identification of
him.[1] 


 

In support of these claims, appellant primarily relies on Randle
v. State, 826 S.W.2d 943 (Tex. Crim. App. 1992).  Randle holds that, if a
defendant timely objects to being put to trial while dressed in prison clothes,
he should not be compelled to stand trial in that attire, because such a
compulsion would violate the defendant=s right to a fair
trial and his right to be presumed innocent.  Id. at 944B45.  Appellant contends Randle
and Texas Code of Criminal Procedure article 2.03(b) imposed a duty on the
trial court to offer appellant civilian clothing to wear, because he did not
want to wear jail clothes to trial and the only other clothes he had were the
clothes in which he was arrested, which were dirty.  See Randle,
826 S.W.2d at 946 (AThus if an accused
asserts his right to not be placed before the jury while wearing clothing which
bears the indicia of incarceration, thus invading his right to a presumption of
innocence, it is the duty of the trial court, the accused=s attorney, the
state=s attorney, and
the peace officers in control of the accused to offer the accused an
opportunity to wear civilian clothes.@);
Tex. Code Crim. Proc. art. 2.03(b) (AIt is the duty of
the trial court, the attorney representing the accused, the attorney
representing the state and all peace officers to so conduct themselves as to insure
a fair trial for both the state and the defendant, not impair the presumption
of innocence, and at the same time afford the public the benefits of a free
press.@).  

However, as we explain in more detail below, the record
contradicts appellant=s claim that he was compelled to wear jail
clothes or that the trial court failed in any duty to supply him civilian
clothing.  Appellant never objected to wearing jail clothes, and his later
appearance in his arrest clothes was made part of his trial strategy to cast
doubt on the witnesses= identification of him.  Randle makes
clear that a defendant must timely object to being made to wear jail clothes or
he waives the right to complain.  Randle, 826
S.W.2d at 945.  Therefore, appellant has waived any right to complain
about his appearance in jail clothes or his own clothes.

The issue of appellant=s clothing first
appears in the record on January 17, 2006, as appellant was awaiting
trial.  At that time, the trial judge, not appellant, pointed out for the
record that he was in a jail uniform, and asked appellant if he had some
clothes to put on.  Instead of answering the trial judge, appellant
instead complained about his lawyer.  Appellant later admitted that, when
he was sent back to change clothes earlier, he had refused to do so.  The
trial judge then admonished appellant that he should put on some street clothes
and again sent him to change clothes, but left the choice to him.

 

The trial did not commence until two days later, and at
that time, the trial judge again raised the issue of appellant wearing his jail
clothes.  Appellant again refused to put on his street clothes.  The
trial judge asked appellant, AAnd are you choosing
not to put those on?@  Appellant
responded by saying that his arrest clothes were Adirty@ and Ait don=t matter what [he
wears].@  The trial
judge explained to appellant that if he refused to put on his street clothes,
he would go to trial in his jail uniform.  Appellant expressed other
concerns, but did not address his attire any further. 

Thus, the trial court twice attempted to reason with
appellant regarding his choice to wear jail clothes, and twice appellant
refused opportunities to change out of his jail clothes.  The trial judge
explained the options to appellant and he chose to remain in jail
clothes.  Appellant also had two days to obtain different clothes before
the trial commenced.  No objection or complaint by either appellant or his
attorney appears on the record.  Therefore, appellant waived his right to
complain about being tried in jail clothes.  See id. at 945. 

Likewise, when appellant appeared in his street clothes for
the second day of trial, he did not object to appearing in the clothes in which
he was arrested.  As noted above, at most, he complained that his clothes were
dirty.  This complaint does not suffice to preserve the complaint
appellant raises on appeal.  See Tex.
R. App. P. 33.1(a). 


Moreover, appellant testified in his defense and at one
point his counsel asked him to stand up to display what he was wearing for the
jury.  Appellant informed the jury that he was wearing the same clothes he
was arrested in and that he had no access to them since the date of his
arrest.  During closing argument, appellant=s counsel
specifically mentioned appellant=s arrest clothes,
arguing that the clothes did not match the descriptions given by Schmidt or Chachere, and that appellant=s pants were not Akhaki@ or Adirty.@  It has long
been the rule in criminal cases that an error in admitting evidence may be
waived if the aggrieved party himself introduces evidence to the same
effect.  See Narvaiz v. State, 840 S.W.2d 415, 430 (Tex. Crim.
App. 1992). 

 

Appellant cannot complain for the first time on appeal that
his constitutional rights were violated by his choice to dress in jail clothes
and his arrest clothes when he failed to object and later strategically used
his arrest clothes during trial.  See Randle, 826 S.W.2d at 945; see
also Wickware v. State, 486 S.W.2d 801, 804B05 (Tex. Crim. App. 1972) (affirming trial court=s judgment when
appellant failed to object to being tried in jail clothes and noting that he
could not Aremain silent and then
claim error for the first time on appeal@); Barber v.
State, 477 S.W.2d 868, 870 (Tex. Crim. App. 1972)
(affirming trial court=s judgment when the record failed to
reflect that appellant was in a jail uniform during voir
dire and no objection was made by him or his counsel to being in jail clothes).

Conclusion

The trial court=s judgment is
affirmed.

 

 

 

 

/s/     
Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 12, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P.
47.2(b).














[1]  Although appellant raises this claim in his
statement of the issue, he fails to provide any argument or authorities to
support it.