(No. 32791.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANCIS VENTURA, Plaintiff in Error.

*Opinion filed September 24, 1953.*

Richard H. Devine, of Chicago, for plaintiff in error.

Latham Castle, Attorney General, of Springfield, and Frank H. Masters, Jr., State's Attorney, of Joliet, (Fred G. Leach, and Harry L. Pate, of counsel,) for the People.

Mr. Justice Maxwell delivered the opinion of the court:

A writ of error brings before us for review a judgment of conviction entered by the circuit court of Will County upon a plea of guilty entered by plaintiff in error, Francis Ventura, hereinafter referred to as defendant, to the charge of forcible rape.

We find no necessity to repeat the facts as they have been substantially covered in our opinion rendered in *People* v. *Hancasky,* 410 Ill. 148. This defendant, one of four jointly indicted for the crime of forcible rape, now urges that his conviction be set aside for the reason that the trial court failed to set aside his plea of guilty when it allegedly became apparent at the hearing that defendant had a legal defense; that the trial court failed to properly inform defendant that his punishment would be a fixed and definite sentence and that the trial court allowed incompetent counsel to represent the defendant, who was then a minor under 18 years of age. In answer the State claims that it was not apparent that defendant had a legal defense to the crime charged; that defendant was properly informed of his punishment by the court, and that the record fails to show that the defendant was represented by incompetent counsel.

We have carefully examined the record, including the transcript of the proceedings wherein the court heard testimony in aggravation and mitigation of the offense. It conclusively appears from the proceedings below that the crime of rape had been committed and that all four of the young men indicted, including the defendant, jointly participated therein. It was not denied that only two of these men had

relations with the complaining witness. The codefendant Hancasky was definitely identified by her but she believed the second man was the codefendant Sinchak. However, she was not sure as to the identity of Sinchak and testified that she could have been mistaken in light of the fact that prior to the occurrence she had known neither of the defendants. Hancasky testified that Ventura was the other man. The defendant admitted that on the day following the occurrence he had remarked to Koutras, a codefendant, that "Hancasky and I had intercourse," but stated that he was merely joking when making such statement. A fair appraisal of all of the testimony in respect to the occurrence does not yield a reasonable doubt as to defendant's participation. We cannot therefore agree with the assertion that it became apparent that defendant had a legal defense to the indictment.

An examination of the proceedings in the trial court further reveals that the learned trial judge went to great lengths to admonish the defendant of all of his rights and further advised him of the nature of the crime with which he was charged and the consequences of his plea of guilty. It is difficult to understand how a trial court could have been more cautious in advising, informing and admonishing the defendant than was done in the instant case. Even the statute was read to the defendant by the trial court. The fact that the trial judge did not specifically thereafter tell defendant that he would receive a definite term of years as his sentence before accepting his plea of guilty could surely have had no prejudicial effect upon defendant. Defendant was represented by counsel of his own choosing and after acceptance of defendant's plea the court asked if there was any reason why sentence should not be imposed. Neither defendant nor his counsel responded. There is no showing in the record that either the State's Attorney or the court made any promises to defendant which persuaded him to withdraw his plea of not guilty and enter

his plea of guilty. The State's Attorney's recommendation of a five-year sentence was not binding upon the court in any respect, and the proceedings below clearly indicate this condition. We find no violation of Rule 27A of this court but rather a full compliance on the part of the trial court.

Defendant's contention that he was represented by incompetent counsel finds little support in the record or report of proceedings in this case. We are of the opinion that such serious charges in respect to the competency of an attorney and an officer of the court should not be lightly treated. The fact that the trial court felt compelled to go beyond the recommendation of the State's Attorney because of the aggravated nature of the crime can in no way be attributed to the inability of counsel. It is only in cases where the attorney for defendant is one appointed by the court and is inexperienced in the trial of criminal cases, or where an attorney is stupidly and obstinately recreant in performing his duty towards his client, that this court will consider such a charge. Furthermore, poor representation by an attorney of a defendant's own choosing is of no legal moment. *People* v. *Pierce,* 387 Ill. 608.

The fact that there was no proof or testimony concerning defendant's age prior to the acceptance of his plea of guilty is of little consequence. The indictment charged he was a male person of the age of 16 years and upwards, towit, 17 years, and as to this allegation his plea of guilty must necessarily be taken as an admission. (*People* v. *Day,* 404 Ill. 268.) We held in the case of *People* v. *Musial,* 349 Ill. 516, that the allegation of the age of a defendant charged with the crime of rape by force may be rejected as surplusage. Furthermore, from the rule announced in *People* v. *Schultz,* 260 Ill. 35, it becomes incumbent upon the defendant to prove that he was not 16 years of age. In any event, the defendant testified under oath and stated he was seventeen years of age.

We find that no constitutional rights of defendant were violated; that he was accorded every right and privilege consistent with fairness and justice; that no error was committed by the trial court in respect to any part of the proceedings below. For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

*Judgment affirmed.*