THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. ROBERT CHESHIER, Defendant.

(No. 70-186;

Third District—January 26, 1972.

STOUDER, J., dissenting.

Bruce Stratton, of Ottawa, for appellant.

Herman Haase, Assistant State's Attorney, of Joliet, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Will County.

Robert Cheshier, the defendant, was indicted for the offense of attempt robbery, to which charge he pleaded guilty. At the time the defendant's plea of guilty was tendered and accepted the prosecution informed the court that such plea resulted from certain plea negotiations. The prosecution stated that it had offered to recommend a sentence of from 2 to 8 years in the penitentiary if the defendant would not ask for probation and would waive a hearing in aggravation and mitigation, but that a sentence of from 3 to 10 years would be recommended if the defendant requested probation or asked for a hearing in aggravation and mitigation. The defendant did request probation and a hearing was held, at the conclusion of which probation was denied. The prosecution then recommended a sentence of 3 to 7 years in the penitentiary and this was the sentence imposed by the court.

On this appeal it is the defendant's contention that because he exercised his right to apply for probation he was penalized in that he received a sentence of 3 to 7 years in the penitentiary rather than a sentence of 2 to 8 years which the prosecution would have recommended had he not asked for probation.

■■ In reviewing the record we find it abundantly clear that lengthy plea negotiations were entered into between counsel for the defendant and the prosecution. The law does not look with disfavor upon such negotiations but in fact has recognized their merit and set forth guide lines and regulations regarding the conduct of the same. Supreme Court Rule 402, ch. 110A, sec. 402(d), Ill. Rev. Stat.

In examining the regulations pertaining to plea discussions it is specifically provided that the trial judge shall be advised as to any tentative agreement reached between the defense and prosecution and then the

judge shall indicate to the parties the court's concurrence, conditional concurrence, or non-concurrence as to such tentative agreement.

The record in the case before us fails to show that the trial judge indicated in any way that he concurred in or conditionally concurred in the tentative agreement as to the sentence that was to be received by the defendant. The record is likewise barren of any language on the part of the court that could in any way mislead or be misconstrued by the defendant as to what the sentence would be with or without a motion for probation. In fact, just the opposite conclusion is reached from reading the record in that it clearly discloses that the trial judge made certain that the defendant knew that the recommendations of the State's Attorney were not binding upon the court.

■■ If an agreement, though it be tentative, was in fact entered into between counsel for the defendant and the prosecution, the most that the prosecution could promise was that a certain sentence would be recommended to the court. Our law is clear that a judge is not bound by the recommendations of a State's Attorney. *People v. Hancasty,* 410 Ill. 148, 101 N.E.2d 575; *People v. Ventura,* 415 Ill. 587, 114 N.E.2d 710; *People v. Baldridge,* 19 Ill.2d 616, 169 N.E.2d 353.

The defendant cites two cases in support of his argument that he was penalized by a heavier sentence because he applied for probation. They are the cases of *People v. Cherry,* (Ill.App.2d), 267 N.E.2d 744; and *People v. Curl,* (Ill.App.2d), 269 N.E.2d 740. Neither of these cases involve the matter of probation or a factual situation which is of any aid in disposing of the question before us.

■■ It is apparent that the defendant entered his plea of guilty with a full understanding of its consequences and that he was aware of the fact that the court was not bound by a recommendation of the prosecution. The defendant with this full understanding exercised his right to apply for probation and when this request was denied the court heard evidence in aggravation and mitigation of sentencing. The defendant then received the sentence of which he now complains. He does not argue that it is excessive but instead attempts to impute motives and bad faith on the part of the prosecution. The record fails to sustain such charges. The defendant was not the victim of misrepresentation, misleading inducement or improper conduct on the part of the prosecution or the court. It is pure conjecture on his part to now say that he would have received a lesser sentence had he waived his right to request probation. Certainly there is nothing in the record to support such a claim.

The judgment of the circuit court of Will County is affirmed.

Judgment affirmed.

526

ALLOY, J., concurs.

Mr. PRESIDING JUSTICE STOUDER dissenting:

I do not agree with the majority of the court. I believe the sentence should be reduced to 2 to 8 years in the penitentiary, the term which the State's Attorney initially offered to recommend.

This case involves an aspect of plea bargaining not heretofore considered by Illinois courts although it is generally related to the usual problems associated with plea bargaining. Our criminal justice system has been slow to openly recognize the existence of plea bargaining or give any legal effect thereto although as a fact of life the practice is one of long standing. Plea bargaining was ignored because it tended to tarnish or demean the abstract or ideal model of justice. Bargaining with such a precious right as freedom seemed inappropriate. As a more practical consideration plea bargaining tended to diminish the independence and importance of the trial judge as a final arbitor in the sentencing process. Undoubtedly these considerations have considerable persuasive vitality in our evolving recognition of plea bargaining and our effort to reconcile the ideal with the pragmatic. The difficulty of accommodating the disparate views in this area is illustrated by *People v. Baldridge,* 19 Ill.2d 616, 169 N.E.2d 353, cited by the majority in support of the general proposition that the judge is not bound by the recommendations of the State's Attorney. In the *Baldridge* case, a trial before a jury had commenced but was interrupted and then terminated as a result of plea bargaining. After being advised by the State's Attorney and the defense counsel of the bargain the judge, in open court, referred to the terms of the bargain, *i.e.,* the recommendations of the State's Attorney, and specifically advised the defendant that he was not bound to follow the recommendations of the State's Attorney. Before accepting defendant's plea of guilty the judge admonished defendant concerning his rights including the usual inquiry as to whether any promises or threats had been made to induce his plea of guilty and apparently received the usual response that no such promises had been made. Nevertheless the judge was well aware as was shown by his previous observations that promises had been made and the court on review disposes of this problem with the observation that so long as the State's Attorney carried out his agreement by making his recommendations the defendant had no cause for complaint. In holding that the recommendations of the State's Attorney were not binding on the judge the court in *Baldridge* correctly applied the traditional rule but does not confront the perplexing problem of what significance the State's Attorney's recommendation should have

either as a part of a plea bargain or as it ought to effect the ultimate sentence imposed by the judge.

The recent adoption of Supreme Court Rule 402 now removes the secrecy from plea bargaining. The rule continues to recognize the trial judge as the final arbitor of the sentence to be imposed and that the recommendation of the State's Attorney is not binding. Yet both parties must be assumed to have dealt with each other in good faith such good faith including the reasonable belief that the State's Attorney's recommendation will be acceptable to the judge. Such an expectation can not be minimized or dismissed as being merely a calculated risk on the part of the defendant. If a sentence is recommended by the State's Attorney as a result of plea bargaining the determination by the trial judge that such recommendation is neither appropriate nor acceptable ought to have a reasonable basis in the facts or evidence. It is inappropriate to disregard such recommendation merely because it is a recommendation not binding on the court.

Both parties agree that prior to the acceptance of defendant's plea of guilty discussions took place before the judge and in the presence of the defendant which fully disclosed that plea bargaining had taken place and the terms of the bargain as proposed and accepted. As revealed to the judge if the defendant pleaded guilty, waived request for probation and waived a hearing in aggravation and mitigation the State would recommend a sentence of from 2 to 8 years in the penitentiary. If the defendant sought probation or refused to waive a hearing in aggravation and mitigation then the State proposed to recommend a sentence of from 3 to 10 years in the penitentiary. The terms of the bargain are undisputed and it is also undisputed that the trial judge advised defendant that the court was not bound to accept the recommendations of the State's Attorney.

It is at this point that I believe the trial court committed error. Notwithstanding its general disavowal of the binding effect of the State's Attorney's recommendations the court in effect approved and subscribed to the propriety of the contingencies included in the proposed recommendations. In effect at this juncture the court said if you seek probation or a hearing in aggravation and mitigation I will consider the recommendation of the State's Attorney of the greater sentence otherwise I will consider the lesser sentence proposed.

Whether or not the recommendation and the court's approval thereof represents a penalty for the exercise of a right it is clear that such a procedure introduces factors which are irrelevant to the severity of the sentence to be imposed. I am aware of no authority even intimating that

seeking probation or requesting a hearing in aggravation and mitigation are material to the determination of a proper sentence. Indeed the State does not even make such a claim but rather insists that the court has the right and duty to enforce the plea bargain against the defendant regardless of the relevance or materiality of the terms thereof.

My colleagues have suggested that because the State's Attorney's recommendations were not binding the trial judge could and more significantly did disregard the recommendations. Such an assertion assumes that the sentence imposed represented an independent determination of the appropriate sentence and that the imposition of the more severe sentence was related to the evidence. No such claim was made by the State and the facts or evidence relating to the sentence are not even mentioned by the State in its brief. Indeed the State's only argument is that the court had the right to impose the more severe sentence merely because of the contingency in the plea agreement. Repeating my observations above neither an application for probation nor a request for a hearing in aggravation and mitigation are facts having any bearing on the propriety of a sentence and the trial court's holding to the contrary is I believe error.