THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HARRY C. WHITE, Defendant-Appellant.

(No. 71-55; 

Third District—May 9, 1972.

James Geis, of Defender Project, of Ottawa, for appellant.

Roland Litterst, Assistant State's Attorney, of Peoria, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

In an indictment returned by the Grand Jury of Peoria County the defendant Harry C. White was charged with having committed the offenses of murder, voluntary manslaughter and involuntary manslaughter. A second indictment charged him with the commission of the crime of aggravated battery. During the course of a trial by jury and after the State had rested its case the defendant moved for a directed verdict, which was denied. Three witnesses had been called by the defense, after which the defendant requested permission of the court to withdraw his plea of guilty and advised the court that he had entered into a "plea bargain agreement" with the State. Counsel for the defendant advised the court that his client would plead guilty to the charges of voluntary manslaughter and aggravated battery in return for a dismissal of all other counts contained in the indictments. The prosecutor informed the court that the State recommended a sentence of not less than eleven nor more than eighteen years on the charge of voluntary manslaughter and a concurrent sentence of not less than one nor more than two years on the charge of aggravated battery.

The following colloquy then ensued between the court and the defendant:

"THE COURT: All right. In other words, the tentative plea agreement as stated by Mr. Brunnenmeyer and Mr. Kelly fully discloses that tentative plea agreement, is that correct?

THE DEFENDANT: That is correct.

THE COURT: Have you entered that tentative plea agreement be-

cause of any threats or coercion or compulsion of any kind by anyone, including your own attorney, the State's Attorney or the Court?
THE DEFENDANT: No."

Thereafter the defendant waived presentation of evidence in mitigation and the court followed the plea bargain agreement explicitly by sentencing the defendant in accordance with the recommendations of the prosecutor.

The defendant raises as the sole issue in this appeal that the sentence imposed is excessive and contrary to the concept of indeterminate sentencing.

We do not deem necessary a recital of the facts relating to the defendant's conduct which led to his indictment, nor do we need to concern ourselves with the theory or philosophy of indeterminate sentences because the paramount question presented is whether or not the defendant is barred from raising the issue of his sentence on appeal when he voluntarily entered into an agreement which resulted from "plea bargaining."

■■■ This court may review any criminal sentence even though the issue is not raised on appeal, (Chap. 110A, Sec. 615(a) (b), Ill. Rev. Stat.) and we recently held that a trial judge is not bound by the recommendations of a State's Attorney. See *People v. Cheshier*, 278 N.E.2d 93, 3 Ill.App.3d 523; however, our United States Supreme Court has held that a prosecutor is bound by his agreement. (See *Santobello v. New York*, 92 S.Ct. 495.) In *Santobello* our United States Supreme Court recognized that the disposition of criminal charges by agreement between the prosecutor and the accused which is referred to as "plea bargaining," is an essential and desirable component of the administration of justice and specifically stated:

"* * * a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

In discussing the attributes of "plea bargaining" the court stated as follows in *Santobello:*

"* * * Properly administered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities.

Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pre-

trial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pre-trial release; and by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned. See *Brady v. United States* (1970), 397 U.S. 742, 751—752, 90 S.Ct. 1463, 1470—1471, 25 L.Ed.2d 747."

■■■ Accepting the proposition that "plea bargaining" is an accepted and beneficial procedure in our criminal jurisprudence we may well ask ourselves if such a procedure can be an effective tool in the administration of justice if only the State is bound by the agreement. In *Santobello* the court observed that all the benefits of "plea bargaining" presupposes fairness in securing an agreement between an accused and a prosecutor. So we hold that the true test as to whether the defendant as well as the State is bound by a sentence resulting from a "bargained plea" is whether or not the agreement was fairly entered into by the parties. In the instant case the defendant does not claim that the prosecutor recommended any sentence contrary to the agreement; nor does he claim that he was threatened or coerced into entering into the agreement and in fact the record would belie such a claim if it was asserted. The defendant was at all times represented by counsel and he has not questioned the competency of such representation. The record is barren of any evidence or procedural errors which would in any way cast reflection upon the fairness of the "bargained plea agreement." What is quite apparent is that the defendant is now asking this court to reduce his sentence because he is no longer satisfied with the deal that he knowingly and voluntarily entered into with the prosecution.

While this court may review a defendant's sentence, we refuse to do so in the instant case and hold that the defendant is bound by his own agreement since it was made freely, voluntarily and with the assistance of competent counsel.

The judgment and the sentence of the circuit court of Peoria County is thereby affirmed.

Judgment affirmed.

STOUDER, P. J., and DIXON, J., concur.