William JOHNSON, Petitioner-Appellee,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellant.

No. 72–1894

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1972.

Crawford Martin, Atty. Gen., Dunklin Sullivan, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Tracy Crawford, Tyler, Tex., (Court-appointed), for petitioner-appellee; Mike A. Hatchell, Ramey, Brelsford, Flock, Hutchins & Carroll, Tyler, Tex., of counsel.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Appellee, William Glenn Johnson, was convicted in Texas district court of arm-

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

ed robbery upon his plea of guilty and was sentenced to serve ninety-nine years in the state penitentiary. Upon a hearing on appellee's application for a writ of habeas corpus in the United States District Court for the Eastern District of Texas, the learned judge below found that the guilty plea was involuntary, having been induced by the prosecutor's agreement to recommend to the jury a sentence of twenty-five years imprisonment if appellee would plead guilty. There is ample evidence in the record to support that finding, and we agree with the district court that this involuntariness requires that Johnson's application for habeas corpus be granted.

It is uncontested that the district attorney who prosecuted the case made at least two unequivocal offers to Johnson to recommend to the jury a sentence of twenty-five years if he would plead guilty. Indeed, not only did the court below so find, but a state court, which denied habeas relief, also found that the guilty plea was induced by reliance on the prosecutor's offer to recommend a sentence of twenty-five years upon a plea of guilty. The federal trial court found that Johnson accepted the offer by pleading guilty. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 1971, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433. The prosecutor did not have the power to promise that a given sentence would be imposed, but he did have the power to recommend a certain sentence. This is evidenced by the fact that he ultimately recommended a sentence of ninety-nine years, which the jury assessed. "A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." Machibroda v. United States, 1962, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473, 478.

Because in the instant case the last unequivocal expression of the prosecutor's offer came before the state had presented its case and because Johnson entered his guilty plea after the testimony of the state's witnesses, the state argues that the prosecutor's offer had expired before Johnson accepted it. The court below found otherwise and, in addition, determined that the prosecuting attorney's remarks immediately before Johnson entered his plea fairly indicated that the offer remained open at the time of Johnson's acceptance. The state apparently is concerned that the court below expanded the definition of "involuntary plea" contained in Machibroda v. United States, *supra*, by applying a subjective test, namely, whether the person convicted *believed*, regardless of the objectively ascertainable evidence, that the prosecutor had offered to take certain action if the accused would plead guilty. We do not read the district court's conclusions of law to embrace such subjectivity. Our conclusion is merely that the district court was justified on these facts in finding that the guilty plea was objectively induced by the prosecutor's offer to recommend a lighter sentence than the one he ultimately recommended. Neither our conclusion nor that of the district court extends the rules announced in United States v. Frontero, 5 Cir.1971, 452 F.2d 406.

Affirming the basic holding of the district court, the question then is what should be the remedy within the broad scope of 28 U.S.C.A. § 2243 to "dispose of the matter as law and justice require." On this point we can do no better than quote the words of *Santobello*:

"The ultimate relief to which petitioner is entitled we leave to the discretion of the state court which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resen-

tenced before a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty."

92 S.Ct. at 499, 30 L.Ed.2d at 433.

█ Plea bargaining is an accepted folkway of our criminal jurisprudence onto which some, but not all, contract criteria have been superimposed. Analogous to promissory estoppel, plea bargaining must have more substantiality than mere expectation and hope. It must have explicit expression and reliance and is measured by objective, not subjective, standards. All of the elements of the plea bargain were found here, and the law gives its sanction to such bargains when they are real and not mere figments.

Remanded.