**Lonnie Darrell WAGES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47681.**

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

---

Kerry P. FitzGerald, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appeal is taken from a conviction for robbery. Appellant, after being duly admonished, entered a plea of guilty before the court and punishment was assessed at twelve (12) years.

Appellant's sole ground of error reads:

"The trial court committed error in accepting appellant's plea of guilty to the indictment in open court after appellant stated facts sufficient to lead the court to conclude that a reasonable doubt does exist as to the competency of appellant to stand trial."

In his stated ground of error appellant does not make clear whether it is his contention that the court should not have accepted the guilty plea in light of the provisions of Article 26.13, Vernon's Ann.C.C. P., or whether the court should have impaneled a jury for a determination of the issue of competency to stand trial (present insanity), or whether his contention embraces both.

Article 26.13, supra, provides:

"If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received *unless it plainly appears that he is sane*, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt." (emphasis supplied)

It is obvious from reading the record that the trial court was in the process of complying with the provisions of Article 26.13, supra, when the facts upon which appellant relies were developed.

The court's inquiry brought out that the appellant had been under a psychiatrist's care for ten or twelve months in a California reform school four or five years previously where he had been given tranquilizers, apparently for suicidal tendencies.

While further inquiry might well have been indicated, the court determined that the appellant had not been adjudicated insane and inquired at length of appellant's counsel, apparently retained, as to his opinion of the appellant's sanity and present condition. Only thereafter did the court orally announce its finding and include the same in the judgment. No objection was made to the court's finding, no effort was made to withdraw the plea of guilty, and no other facts as to appellant's competency were adduced during the presentation of evidence.

It would certainly appear the trial court complied with Article 26.13, Vernon's Ann.C.C.P.

If it is appellant's contention that the facts developed were sufficient to cause the court not only to refuse to accept the guilty plea but to also impanel a jury for a determination of the competency issue, I cannot agree.

 It is true that even where no request for a separate competency hearing is made there must be such hearing if evidence of the accused's present incompetence becomes sufficiently manifest during the trial. See Townsend v. State, 427 S.W.2d 55 (Tex.Cr.App.1968). While the facts brought out need not prove actual incompetency, the facts should be sufficient to create in the court's mind reasonable grounds for the court to doubt the accused's competency to stand trial. See Ainsworth v. State, 493 S.W.2d 517 (Tex.Cr.App.1973).

The test for determining competency to stand trial is "whether (the defendant) has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as a factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824; Sandlin v. State, 477 S.W.2d 870 (Tex.Cr.App.1972).

There is no indication in the record that at the time of trial appellant was unable rationally and understandingly to consult with his counsel, or that he did not have a rational and factual understanding of the charges against him. See Ainsworth v. State, supra.

The facts developed are not such to reflect that the court abused its discretion in not impaneling a jury, sua sponte, to determine if the appellant was competent to stand trial. No abuse of discretion has been shown. Perryman v. State, 494 S.W.2d 542 (Tex.Cr.App.1973).

For the reasons stated, the judgment is affirmed.