Tom NICHOLS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 47616–47620.

Court of Criminal Appeals of Texas.

Nov. 21, 1973.

Gibbs Spiller, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, and Don Lambright, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

### OPINION

ODOM, Judge.

These appeals are from four convictions and an order revoking probation.

In Cause No. 47,620 appellant pled nolo contendere to the offense of felony theft. In Causes Nos. 47,619, 47,618 and 47,617 he pled guilty to three offenses of burglary with intent to commit theft. In Cause No. 47,616 he pled "guilty" to a motion to revoke his probation.[1] A hearing was conducted on January 19, 1973. Punishment was assessed at four years in *each* case.

■ First, appellant contends that he was indicted by a grand jury organized in violation of Articles 19.08 and 19.23, Vernon's Ann.C.C.P. He argues that, since he was indicted by a grand jury in which persons of the age eighteen to twenty-one were systematically excluded, his rights under the Equal Protection Clause of the 14th Amendment and the Due Process Clause of the 5th Amendment of the United States Constitution were violated.

No motion to quash the indictments or challenge to the array was filed and no evidence was offered to show a systematic exclusion of any age group from grand jury service. Therefore, no error is shown. Tibbetts v. State, 494 S.W.2d 552 (Tex.Cr.App.).

■ Next, appellant contends that the state failed to properly rebut an inference

of insanity and incompetency on appellant's part.

The state offered into evidence a letter from Dr. Benjamin Sher, a psychiatrist for Harris County, which was admitted without objection. It stated that on October 13, 1972, Dr. Sher had examined appellant in the clinic of the Harris County Jail; that Dr. Sher had previously examined appellant in April of 1967 and found him to be suffering from a defect of reasoning; that appellant was then institutionalized for approximately sixteen months; and that, now, as of October 13, 1972, appellant is considered as being of sound mind. Another letter, containing the results of a psychological evaluation of appellant conducted by Dr. Jerome Brown on October 18, 1972, was also admitted into evidence without objection. In this letter, Dr. Brown stated: that he had examined appellant on October 18, 1972, while appellant was an inmate of the Harris County Jail; that he was aware of appellant's previous institutionalization; and that in his opinion he considered appellant to be of sound mind. It is upon these letters that appellant relies for the inference of present incompetence.

Article 5547–83, Tex.Rev.Civ.Stat. Vernon's Ann., provides in part:

"(a) The *judicial* determination under this Code that a person is mentally incompetent creates a presumption that the person continues to be mentally incompetent until he is discharged from the mental hospital or until his mental competency is redetermined by a court.

"(b) *The judicial determination that a person is mentally ill or the admission or commitment of a person to a mental hospital, without a finding that he is mentally incompetent, does not constitute a determination or adjudication of the*

---

1. On October 23, 1969, appellant had pled guilty to offense of forgery of a charge slip and punishment was assessed at five years probated. On December 4, 1972, the state filed a motion to revoke probation. The allegations set out that appellant had committed three burglaries and the offense of theft. The three burglaries and the theft alleged in the state's motion to revoke are the same ones involved in these appeals.

*mental competency of the person* and does not abridge his rights as a citizen or affect his property rights or legal capacity." (Emphasis supplied.)

The record contains no evidence of a prior judicial determination of incompetence. Furthermore, Dr. Sher's previous determination that appellant was suffering from a defect in reasoning is not a finding of incompetency; also it was stated to be no longer descriptive of appellant's condition. To the contrary, appellant's more recent examination was stated to reveal no defect of reasoning. The state was not required to rebut an inference of insanity and incompetence because no such inference arose. Cf. Ainsworth v. State, 493 S.W.2d 517 (Tex.Cr.App.)

Appellant also contends that the trial court's acceptance of his pleas in all of his causes was in violation of Article 26.13, V.A.C.C.P., because it did not plainly appear that appellant was sane.

The record reflects that the trial judge asked appellant several questions concerning the offenses he was charged with and that appellant's answers were responsive and coherent and evidenced an adequate understanding of his present situation. Appellant's attorney also counseled with appellant and indicated he was fully cognizant of what he was doing.

In light of these facts and the psychiatrists' letters, it is clear that the record supports the trial judge's decision that appellant was sane and competent.

Appellant contends by his third ground of error that the trial court erred in overruling his motion that he be tried in civilian clothes rather than prison garb. At the beginning of the trial, counsel moved that the trial be delayed until appellant could be furnished with civilian clothes. The court overruled the motion, stating that it "can have no effect on the court whether he is in civilian clothes or not." Such ruling was not reversible error since this was a plea of guilty before the court. There was no jury. Cf. Wickware v. State, 486 S.W.2d 801 (Tex.Cr.App.).

Appellant further contends that the waiver by his trial counsel of the fundamental right to plead "not guilty" should be considered ineffective and not binding on him. We disagree. Appellant was fully aware of his right to plead not guilty to the offenses with which he was charged. The trial judge addressed appellant himself and fully explained to him that he could plead not guilty if he so chose. Thus, no error has been shown by the court's acceptance of appellant's pleas of guilty.

The state, in its brief, contends that the trial court's action in reducing the term of punishment from five years to four years in Cause No. 142,412 was without effect and must be reformed by this court to make the punishment five years. We disagree.

Article 42.12, Section 7, V.A.C.C.P., provides in part:

"Sec. 7. At any time, after the defendant has satisfactorily completed *one-third of the original probationary period* or two years of probation, whichever is the lesser, the period of probation may be reduced or terminated by the court." (Emphasis supplied.)

Appellant pled guilty in Cause No. 142, 412 on October 23, 1969, and was assessed a probated sentence of five years. Probation was revoked on January 19, 1973. Thus, appellant was on probation for approximately thirty-nine months. A probationer is on probation until the moment of revocation. Cf. De Leon v. State, 466 S.W.2d 573 (Tex.Cr.App.1971). No error is shown by reducing the sentence to four years in Cause No. 142,412.

Finding no reversible error, the judgments are affirmed.