**Augustine CISNEROS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47773.**

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

Thomas Rocha, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon Armstrong, C. Nick Rothe, Stephen P. Allison, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The appellant entered a plea of guilty before the court to the sale of a narcotic drug, to-wit, heroin; the punishment, ten (10) years.

After being duly admonished, the defendant pled guilty on January 31, 1973. Sufficient evidence having been placed in the record, the court found him guilty but deferred sentencing until he could have a pre-sentence report from a probation officer. Motion to be granted probation had been filed.

On February 22, 1973, the case was again called, whereupon the court, after considering the report, fixed the punishment at ten (10) years and denied probation. Counsel for appellant then stated he wished to offer evidence on the motion for probation, but the court declined to hear evidence, saying it was then too late.

Appellant's sole ground of error is that the court denied probation without giving him an opportunity to offer evidence.

The probation officer's report is not in the record. The appellant did not attempt to adduce the evidence into the record or by the alternate method set out in Art. 40.-09, § 6(d)(1), Vernon's Ann.C.C.P. to have the record show the facts for our review. At the time the court sentenced appellant, the following colloquy occurred:

"THE COURT: . . . Do you have anything to say why you should not be sentenced?

"THE DEFENDANT: Yes, sir; I would like to get the Patrician Movement because I realize that in the years that I was a narcotic addict, the years before, they didn't—you know—have no programs, at that time. Now, they have these programs that I would like to try and see if I can stay off drugs. My problems has been from the drug addiction and at my age these few years I have left, I would like to rehabilitate myself. That is why I would like to get in the Patrician Movement instead of going to prison.

"THE COURT: I understand, but you have been in and out of penitentiaries off and on all around. You have been in the penitentiary, out of the penitentiary, in the penitentiary, out of the penitentiary. I just don't think you justify it."

 We have nothing before us to lead to the conclusion that the court would have granted probation had further evidence been offered. Appellant had his opportunity to offer his evidence at the original hearing to support his motion for probation. Nevertheless, the court had the probation report and could consider it, which evidently included the facts that appellant was of mature age, had been long addicted to the use of narcotics, and had been in and out of penitentiaries a number of times.

As we said in Saldana v. State, 493 S.W.2d 778:

"When the trial is before the court, and a motion for probation is filed, the trial judge had the absolute and unreviewable discretion either to refuse or to grant probation." Citing many cases, to which reference is made.

We overrule appellant's contention and affirm the judgment.

Opinion approved by the Court.