**Donald BOUCHILLON, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

No. 74–2459.

United States Court of Appeals, Fifth Circuit.

Jan. 29, 1975.

James H. Randals, Staff Counsel for Inmates, Texas Dept. of Corrections, Huntsville, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Joe B. Dibrell, Asst. Atty. Gen., Austin, Tex., Calvin Botley, Asst. Atty. Gen., Houston, Tex., for respondent-appellee.

Before RIVES, GODBOLD and GEE, Circuit Judges.

GODBOLD, Circuit Judge:

By this habeas suit appellant attacks a 1946 Texas state conviction used for enhancement. State remedies have been exhausted. Relying on Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), and United States ex rel. Culbreath v. Rundle, 466 F.2d 730 (CA3, 1972), he claims that his 1946 sentence was void because the court did not accept the prosecution's plea bargain recommendation of a suspended sentence and instead sentenced him to two years' confinement. Under Texas law, had the suspended sentence been imposed, the conviction could not have been used for enhancement.

Nothing more than a prosecutorial recommendation was promised, and that bargain was performed. *Santobello* requires neither that the court accept the prosecutor's recommendation nor that the defendant be permitted to withdraw his plea after the recommendation is rejected. *Culbreath* does not hold that there is an unequivocal right to withdraw the plea but rather suggests that as a matter of policy the judge's discretion should be exercised in favor of withdrawal in most circumstances.[1] In the case before us the state court record reveals that the prosecutor's recommendation was refused "when some new complaints came to the attention of the Court."

Our conclusion makes it unnecessary for us to consider whether the new constitutional rule urged by appellant should, if adopted, be retroactively applied.

Affirmed.

RIVES, Circuit Judge (specially concurring):

I concur in the result, but for different reasons. In *Santobello* the Supreme Court not only held constitutional the practice of plea bargaining but strongly approved that practice as an essential component of the administration of criminal justice to be properly administered and encouraged (404 U.S. at 260, 261, 92 S.Ct. 495). In well-considered dicta, the Supreme Court went beyond the agreement between an accused and a prosecutor and discussed the duty of the court:

> "There is, of course, no absolute right to have a guilty plea accepted. Lynch v. Overholser, 369 U.S. 705, 719, [82 S.Ct. 1063, 1072, 8 L.Ed.2d 211] (1962);

Fed.Rule Crim.Proc. 11. A court may reject a plea in exercise of *sound judicial discretion.*

> "This phase of the process of criminal justice, and *the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards* to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." (Emphasis added.)

404 U.S. at 262, 92 S.Ct. at 498.

I agree with the Third Circuit's expression in *Culbreath* that "if the judge ultimately determines that the interest of justice would not be served by accepting the Government's recommendation made pursuant to such agreement the defendant should be permitted to withdraw his guilty plea, particularly where, as here, there is no Government claim of prejudice or harm." 466 F.2d at 735.

In the present case, Bouchillon apparently did not ask to withdraw his plea of guilty, but he urges that the trial court should have made certain that the defendant understood the advantage of making such a request, or should have affirmatively offered him an opportunity to withdraw his plea of guilty. Assuming that since *Santobello* such an affirmative duty is placed on the court when it refuses to accept the prosecutor's recommendation, I would hold that under the tests prescribed in Stovall v. Denno, 1967, 388 U.S. 293, 297, 87 S.Ct. 1967, 18 L.Ed.2d 1199, the rule should not be applied retroactively. I therefore specially concur.

---

1. The only authority cited in *Culbreath* is a reference to proposed amendments to the Federal Rules of Criminal Procedure not yet adopted.