Charles **BLEDSOE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49764.

Court of Criminal Appeals of Texas.

March 12, 1975.

Rehearing Denied March 26, 1975.

Gary W. Barnard, Amarillo, for appellant.

Tom Curtis, Dist. Atty., C. R. Daffern, Asst. Dist. Atty., Amarillo,

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appeal is taken from a conviction on a plea of guilty for the rape of a child; the trial court assessed punishment at imprisonment for seven years.

In his sole ground of error the appellant complains that the trial court did not adequately determine the appellant's mental competency before accepting his plea of guilty as required by Art. 26.13, Vernon's Ann.C.C.P. Although he stated he had never been under the care of a psychiatrist or psychologist the appellant did reveal that he had been committed voluntarily to the Topeka State Hospital in Topeka, Kansas, in 1967, after an unsuccessful attempt at suicide. He said he was never declared insane and had not been under psychiatric care since then. The appellant stated that he was not maintaining that he was insane either on the date of the offense or at trial.

The appellant's attorney stated in response to questioning by the trial judge that he was not aware of any mental incapacity in the appellant. Although he was previously aware of the appellant's attempted suicide the attorney did not have reservations about the appellant's mental competency, and the appellant had been able to assist in the preparation of a defense.

The appellant argues now that the trial court erred in failing to further inquire into the question of the appellant's sanity. He maintains that his testimony concerning the voluntary commitment and his father's testimony concerning homosexual abuse and torture of the appellant in the Topeka jail before the suicide attempt raises the issue of competency sufficiently to require a sanity hearing.

After the appellant's admission that he had been voluntarily committed, the trial judge, as recommended in Ainsworth v. State, 493 S.W.2d 517 (Tex.Cr.App. 1973), continued his questioning to determine whether there was actually an issue as to the competence of the defendant to stand trial. Here, the only indication of any mental illness was the attempted suicide seven years before this plea, when the appellant was sixteen years old, and the subsequent voluntary commitment. Article 5547–83(b), Vernon's Ann.Civ.St., provides:

"The judicial determination that a person is mentally ill or the admission or commitment of a person to a mental hospital, without a finding that he is mentally incompetent, does not constitute a determination or adjudication of the mental competency of the person and does not abridge his rights as a citizen or affect his property rights or legal capacity."

Although a formal adjudication of incompetency may require a competency hearing before accepting a plea, the mere hospitalization with an explanation does not. Ainsworth v. State, supra; Nichols v. State, 501 S.W.2d 333 (Tex.Cr.App.1973).

The appellant also testified that he had had a drinking problem, which would not raise the question of incompetency. Sandlin v. State, 477 S.W.2d 870 (Tex.Cr.App.1972); Hendrix v. State, 459 S.W.2d 634 (Tex.Cr.App.1970). The appellant's testimony was clear and lucid. Nichols v. State, supra; Zapata v. State, 493 S.W.2d 801 (Tex.Cr.App.1973). The appellant's attorney, retained by the appellant, stated the appellant was able to assist in the preparation of his defense. See Ainsworth v. State, supra; Sandlin v. State, supra. From all the evidence it is clear that the appellant claimed no incompetency or insanity, appeared sane to both

counsel and the trial court, and no question of competency arose sufficient to require a sanity hearing.

The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.