**Daniel Marroquin RUIZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–373–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 10, 1983.

John Carrington, Harlingen, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before BISSETT, KENNEDY and GONZALEZ, JJ.

OPINION

KENNEDY, Justice.

Appellant was convicted by a jury of burglary of a vehicle. His punishment, enhanced by one prior conviction, was assessed by the jury at confinement for five years. For reasons hereinafter stated, we reverse and remand.

Appellant's brief contains three grounds of error. Because of our disposition of ground of error number two we find it unnecessary to consider grounds one and three.

The evidence shows that appellant was found inside of a parked vehicle by the owner thereof. When asked what he was doing, appellant replied that he was "taking care of" some cigarettes found inside of the vehicle. He then fled on foot and was subsequently apprehended.

In ground of error number two appellant complains of the trial court's failure to impanel a separate jury to determine his competency to stand trial once the issue had been raised. TEX.CODE CRIM.PRO.ANN. art. 46.02 (Vernon 1979), in the portion thereof germane to the situation which confronts us, states:

"Section 1. (a) A person is incompetent to stand trial if he does not have:

(1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or

(2) a rational as well as factual understanding of the proceedings against him."

\* \* \* \* \* \*

"Sec. 2. (b) If during the trial evidence of the defendant's incompetency is brought to the attention of the court *from any source,* the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial. (Emphasis added)

\* \* \* \* \* \*

"Sec. 4. (a) If the court determines that there is evidence to support a finding of incompetency to stand trial, a jury shall be impaneled to determine the defendant's competency to stand trial. This determination shall be made by a jury that has not been selected to determine the guilt or innocence of the defendant. If the defendant is found incompetent to stand trial, a further hearing may be held to determine whether or not the defendant is mentally ill and requires observation and/or treatment or hospitalization in a mental hospital for his own welfare and protection or the protection of others or whether he is a mentally retarded person as defined in The Mentally Retarded Persons Act (Article 3871b, Vernon's Tex-

as Civil Statutes), and requires commitment to a mental retardation facility."

Appellant did not take the stand in the adjudication portion of the trial. He did testify in the punishment portion. His testimony was nonresponsive and rambling, often to the point of incoherence; for example:

"Q. When did you return to the Rio Grande Valley?

A. After I was discharged [from T.D.C.] approxiately (sic) after two weeks of the entire facility of examination of psychological, emotional, and mentally that I passed to flying colors so that they have to discharge me. They did not find nothing wrong with me."

\* \* \* \* \* \*

"Q. When did you get out of the Texas Department of Corrections?

A. I didn't get out. I was kidnapped and put in the further institution, Rusk, due to the fact my lawsuits contend in conquest of the court's own law."

\* \* \* \* \* \*

"Q. Okay. Were you—after about a month or thereabouts, were you moved from Rusk to another institution?

A. Yes, due to my consideration of retalying (sic) of my going about the facility, walking around and they constantly running down a report that they did assault me, carry on a relationship with other patients."

\* \* \* \* \* \*

"Q. —while you were serving the eight. To your understanding, did you believe that you were supposed to have received some credit for the three or so years that you had spent in the old Cameron County jail.

A. Well I assume to have, to my knowledge, accordance to the laws of the statutes and certain of the law due to the time appeared a writ of commitment in accordance of the

sentence that the jail time has to be—is to be admitted to be a credit form."

\* \* \* \* \* \*

"Q. Okay. Would you fill that time in for me?

A. Between the period of my being convicted affirmed by the Texas Supreme Court, submitted a certain documentory to the Texas judicial judges and prior to that I affirm was never given formal notice or document and I was noticed by the district attorney of 107 District Court to leave the courtroom and leave that county and the police get the hell out of the courtroom.

Q. And this happened in the courtroom?

A. This occurred and thereabouts on the presence of the district court because I request of him that reinstated and he said to his knowledge he rather not say."

\* \* \* \* \* \*

Where the evidence raises a doubt about the competency of the accused to stand trial, the court should on its own motion conduct a separate hearing on his competency. *Price v. State,* 496 S.W.2d 103 (Tex. Cr.App.1973). Even where no request for a separate competency hearing is made there must be such hearing if evidence of the accused's present incompetence becomes sufficiently manifest during the trial. *Wages v. State,* 501 S.W.2d 105, (Tex.Cr. App.1973). An accused is not required to prove actual insanity or incompetency before the trial judge if required to conduct a separate hearing on the matter. If this were the rule the separate hearing procedure would become meaningless. *Ainsworth v. State,* 493 S.W.2d 517 (Tex.Cr.App. 1973).

In the case before us the court not only heard the incoherent testimony of appellant noted earlier. In addition, it heard the testimony of a criminal investigator for the district attorney's office to the effect that appellant has always "been a problem" and that his (appellant's) cases are hard to forget because of the "way he acts". Also, we note that during deliberations in the punishment portion of the trial the jury sent a note to the judge inquiring "could we offer, as part of the sentence psychiatric treatment as a condition to final sentencing?"

 In view of all that occurred, we hold that the trial judge should have held a hearing outside the jury's presence to determine appellant's competency to stand trial. We sustain ground of error number two. The conviction is REVERSED and case is REMANDED for a new trial.