THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ADONIUS HARRIS, Defendant-Appellant.

(No. 73-375;

Second District—July 30, 1974.

Frank Wesolowski, Jr., Public Defender, of Wheaton (Robert H. Heise, Assistant Public Defender, of counsel), for appellant.

John J. Bowman, State's Attorney, of Wheaton, for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

This appeal has emanated from a judgment of the circuit court of Du Page County finding defendant guilty of the offense of theft of property exceeding $150 in value in violation of Section 16—1(a)(1) of the Criminal Code of 1961. (Ill. Rev. Stat. 1971, ch. 38, par. 16—1(a)(1)). The trial judge sentenced the defendant to serve a minimum of 2 years and a maximum of 6 years in the State penitentiary; this sentence was to run concurrently with the sentence of 1-3 years which the defendant was presently serving at that time, for an offense unrelated to this appeal.

The office of the public defender for Du Page County was appointed to represent defendant in this appeal. The appointed appellate counsel has now moved for leave to withdraw as attorney of record for defendant on appeal in accordance with the criteria established in *Anders v. California* (1967), 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396, and upon the specific assertion that his conscientious examination of the record requires a conclusion that the appeal would be completely frivolous and without merit.

Defendant was charged by means of an indictment with the offense of theft of property in excess of $150 in value, in violation of Ill. Rev. Stat. 1971, ch. 38, sec. 16—1(a)(1). The indictment properly apprised defendant of the charge and gave the circuit court jurisdiction of the matter. Defendant had originally pleaded not guilty to the charge contained in the indictment.

Pursuant to plea negotiations, however, on September 18, 1973, defendant appeared with his privately retained counsel and moved to withdraw his previous plea of not guilty. Upon the trial court's granting of this motion, defendant entered a plea of guilty to the charge as indicated in the indictment. The trial judge thereupon accepted this plea and sentenced the defendant.

In accepting defendant's guilty plea, the trial judge fully and carefully complied with the rules of Supreme Court Rule 402, (Ill. Rev. Stat. 1973, ch. 110A, par. 402).

Thereafter, upon request, the trial judge was informed of the plea agreement, which entailed the recommendation by the State's attorney of a sentence of 2-7 years which would run concurrently with a 1-3 year sentence defendant was then presently serving. Defendant stated that the contents of that agreement were all that was promised to him.

The trial judge also determined from the State's attorney and defendant's attorney, the factual basis for defendant's plea of guilty; and defendant confirmed the truth of those facts recited. Upon being asked whether or not defendant was pleading guilty because he was actually in fact guilty of the theft in question, defendant replied "Yes."

The trial judge advised defendant of his rights to a hearing in aggravation and mitigation and to a presentence report pursuant to the Illinois Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*). Defendant, however, explicitly waived both the hearing and the presentence report. The trial judge, apparently having been moved by defendant's personal imploration for a lesser sentence, then sentenced the defendant to 2-6 years in the State penitentiary.

■■ On the basis of the record, it is apparent that a reviewing court would find no reason to disturb the sentence which defendant bargained for and received. (*People v. White* (1972), 5 Ill.App.3d 205, 282 N.E.2d 467.) It is also apparent that defendant's sentence is not excessive and that it conforms to the requirements of the Illinois Unified Code of Corrections, *supra.*

■■ On the record, we concur in counsel's contention that there is no basis for maintaining an appeal in this cause and that the continuation of the appeal would be wholly frivolous and without merit. The judgment of the circuit court of Du Page County is accordingly affirmed and the motion of the Du Page County public defender to withdraw as counsel for defendant, Adonius Harris, is hereby allowed.

Judgment affirmed and withdrawal motion allowed.

T. MORAN, P. J., and SEIDENFELD, J., concur.